IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| PENNENVIRONMENT and SIERRA CLUB, <br>                       Plaintiffs, <br><br>    vs. <br><br> RRI ENERGY NORTHEAST MANAGEMENT COMPANY, <br>                       Defendants. | Civil Action No. 07-475 <br> Chief Magistrate Judge Amy Reynolds Hay |

## MEMORANDUM OPINION

HAY, Chief Magistrate Judge

        Plaintiffs commenced this citizen suit against defendant RRI Energy Northeast Management Company ("RRI"), in an effort to secure RRI's compliance with the Clean Water Act ("CWA"), 33 U.S.C. §§ 1251, *et seq*, and the Pennsylvania Clean Streams Law ("PCSL"), 35 Pa. C.S. §§ 691.1, *et seq*. Plaintiffs allege that RRI has been discharging illegal levels of at least five different metals into the Conemaugh River from its Conemaugh Generating Station ("CGS") in West Wheatfield Township, Pennsylvania, in violation of its wastewater discharge limits.

I.     Background

        On March 13, 2009, RRI filed a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) arguing that the Court is without jurisdiction as plaintiffs' citizen suit is barred under section 309(g)(6) of the CWA and that plaintiffs lack standing [ECF No. 34]. In a Memorandum Opinion issued on December 22, 2009 [ECF No. 51], the Court rejected RRI's argument that plaintiffs' suit was barred under the CWA but nevertheless granted RRI's motion finding that plaintiffs are indeed without standing to pursue this action.

Plaintiffs have now filed a motion for reconsideration arguing that the Court misapplied the standard applicable to 12(b)(1) motions and that, had the proper standard been utilized, the Court would have concluded that plaintiffs had standing and that the Court had jurisdiction over the matter.

II.     Standard of Review

"The purpose of a motion for reconsideration is 'to correct manifest errors of law or fact or to present newly discovered evidence.'" Lazaridis v. Welmer, 591 F.3d 666, 669 (3d Cir. 2010), quoting Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999). Thus, a motion for reconsideration is properly granted where there is: (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct clear error of law or prevent manifest injustice. Id. Because the interests in finality and conservation of judicial resources demand that motions for reconsideration be granted sparingly, in order to succeed on the third basis, as is at issue here, the moving party must persuade the court not only that its previous decision was wrong, "but that it was clearly wrong and that adherence to the decision would create a manifest injustice." Burns v. Slippery Rock University of PA, 2007 WL 2463402, at *1 (W.D. Pa. Aug. 28, 2007), quoting In re City of Philadelphia Litig., 158 F.3d 711, 718 (3d Cir. 1998). In exercising its considerable discretion in deciding whether to grant or deny a motion for reconsideration, a district court must "strike the proper balance between the need for finality and the need to render just decisions on the basis of all the facts." Id., quoting Hale v. Townley, 45 F.3d 914, 921 (5th Cir. 1995).

III.     Discussion

"Federal Rule of Civil Procedure 12(b)(1) authorizes dismissal of a complaint for lack of jurisdiction over the subject matter, or if the plaintiff lacks standing to bring his claim." Samsung Electronics Co. v. ON Semiconductor Corp., 541 F. Supp. 2d 645, 648 (D. Del. 2008). Generally speaking, where the motion presents a facial challenge to the court's jurisdiction, or one based purely on the allegations in the complaint, the court must accept those allegations as true and may consider only the complaint and any documents upon which it is based. Petruska v. Gannon University, 462 F.3d 294, 302 n.3 (3d Cir. 2006). Where, however, subject matter jurisdiction is challenged in fact, i.e., where the challenge is based on the sufficiency of jurisdictional fact, the court is not required to attach any presumptive truthfulness to the allegations in the complaint but may consider matters outside the pleadings to satisfy itself that it has jurisdiction. Id. See Carpet Group International v. Oriental Rug Importers Association, Inc., 227 F.3d 62, 69 (3d Cir. 2000).

Because resolution of RRI's motion, insofar as it challenges plaintiffs' standing to bring suit, turns on the factual determination of whether plaintiffs have suffered an injury that is fairly traceable to RRI's conduct, it clearly presents a factual challenge to the Court's jurisdiction.[1] Accordingly, the Court did not presume the truth of the allegations in the amended

---

[1] In order to confer standing on an organization that has brought suit on behalf of its members, it must initially demonstrate that its members would otherwise have standing to sue in their own right. Friends of the Earth, Inc. v. Laidlaw Environmental Services, Inc., 528 U.S. 167, 181 (2000). This, in turn, requires plaintiff to meet three elements:

> First, the plaintiff must have suffered an "injury in fact" -- an invasion of a legally protected interest which is (a) concrete and particularized . . . and (b) "actual or imminent, not 'conjectural' or 'hypothetical[.]'" . . . Second, there must be a causal connection between the injury and the conduct complained of -- the injury has to be "fairly ... trace[able] to the

3

complaint and considered the evidence submitted by the parties. Although the Court found that plaintiffs were able to demonstrate an "injury in fact," it concluded that plaintiffs had failed to present any evidence to establish the second prong of the analysis or that the injury was "fairly traceable" to RRI's actions. See Memorandum Opinion, pp. 17-24.

Plaintiffs contend that in weighing the evidence submitted by the parties the Court neglected to consider facts alleged in the amended complaint that were *not* in dispute. Plaintiffs contend that, absent a specific challenge to the jurisdictional facts, they were not required to present evidence to support those facts, and that because RRI did not challenged the factual averments in the amended complaint regarding the kinds of harm that the metals RRI is discharging into the Conemaugh River can cause, those assertions should have been accepted as true.

Although RRI appears to concede that it did not expressly dispute the allegations in the amended complaint cited by plaintiffs, it nevertheless argues that it necessarily put those facts at issue simply by filing a 12(b)(1) motion. RRI contends that once it placed the underlying predicate facts in dispute it was then incumbent upon plaintiffs to produce evidence to support those facts sufficient to invoke the Court's jurisdiction. The Court disagrees.

---

challenged action of the defendant, and not ... th[e] result [of] the independent action of some third party not before the court." Third, it must be "likely," as opposed to merely "speculative," that the injury will be "redressed by a favorable decision."

Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-61 (1992) (internal citations omitted).

The Court of Appeals for the Third Circuit has explained the procedures for deciding a Rule 12(b)(1) motion that presents a factual challenge to the court's jurisdiction as follows:

> If the defendant raises no challenge to the facts alleged in the pleadings, the court may rule on the motion by accepting the allegations as true. . . . If the defendant contests *any* allegations in the pleadings, by presenting evidence, the court must permit the plaintiff to respond with evidence supporting jurisdiction. . . . The court may then determine jurisdiction by weighing the evidence presented by the parties. . . .

Gould Electronics Inc. v. United States, 220 F.3d 169, 177 (3d Cir. 2000) (emphasis added) (internal citations omitted). The court, therefore, is "not confined to the allegations in the complaint," but can look beyond the pleadings to resolve the dispute. Cestonaro v. United States, 211 F.3d at 749, 752 (3d Cir. 2000). See Petruska v. Gannon University, 462 F.3d at 302 (where subject matter jurisdiction is challenged in fact the court is not required to attach any presumptive truthfulness to the allegations in the complaint); First Quality Baby Products, LLC v. Kimberly-Clark Worldwide, Inc., 2009 WL 1675088, at * 2 (M.D. Pa. June 15, 2009), quoting Cedars-Sinai Medical Center v. Watkins, 11 F.3d 1573, 1583 (Fed. Cir. 1993) (where the movant challenges the factual basis for the court's jurisdiction the allegations in the complaint are not controlling and "only uncontroverted factual allegations are accepted as true for purposes of the motion"). Indeed, as recently found by this Court, under such circumstances "the allegations in the complaint are not controlling . . . and *only uncontroverted factual allegations are accepted as true for purposes of the motion* . . . . All *other* facts underlying the controverted jurisdictional allegations are in dispute and are subject to fact finding by the district court." Roush v. Horner, 2008 WL 189556 at *5 (W.D. Pa. Jan. 18, 2008) (emphasis added). As such, only the factual

5

allegations that are contested by defendant and supported by contrary evidence are placed at issue and uncontroverted factual allegations in the complaint are to be accepted as true.[2]

Here, RRI did not challenge the veracity of the allegations in the amended complaint regarding the harmful effects of the metals it discharges into the Conemaugh River and, thus, the Court should have taken those assertions into consideration. Indeed, citing to the very portions of the amended complaint previously overlooked by the Court, RRI acknowledges that the metals it is discharging into the Conemaugh River can cause the injuries cited by plaintiffs. Although RRI has argued that speculative allegations regarding the possible injuries that a pollutant *can* cause is insufficient to establish the "injury in fact" prong of the standing analysis, that does not negate the fact that all that is required to satisfy the "traceability" prong is a showing that the pollutant at issue "causes or contributes to the kinds of injuries alleged by the plaintiffs." Public Interest Research Group of New Jersey v. Powell Duffryn Terminals Inc., 913 F.2d 64, 72 (3d Cir. 1990). Plaintiffs allegations in the amended complaint that these metal are capable of causing the harm complained of is therefore sufficient to satisfy the traceability requirement.

In deciding whether the traceability element of standing had been met, however, the Court did not consider the uncontested allegations set foirth in the amended complaint but merely weighed the extrinsic evidence submitted by the parties. Because plaintiffs had not presented any evidence to support their assertion that the metals being discharged into the river can cause the harms suffered by plaintiffs, the Court found that the traceability requirement had

---

[2]Notably, RRI has conceded that, in deciding a factual 12(b)(1) motion, the Court may consider the allegations in the complaint. Def. Brief, p. 5 [ECF No. 63].

not been met. Plaintiffs, however, were not obligated to present evidence to support its allegations where, as here, RRI did not submit any contrary evidence or place them at issue. As such, the Court is persuaded not only that its earlier decision was "clearly wrong," but that it would be unjust to adhere to that opinion and preclude plaintiffs from pursuing their case.[3] Burns v. Slippery Rock University of PA, 2007 WL 2463402, at *1. Consequently, the Court has revisited the issue of standing in the Memorandum Opinion filed contemporaneously with this opinion.

IV. Conclusion

Based on the foregoing, Plaintiffs' Motion for Reconsideration [Dkt. 53] is GRANTED, and the Memorandum Opinion filed by the Court on December 22, 2009, is VACATED. An appropriate order will follow.

/ s/ *Amy Reynolds Hay*
United States Magistrate Judge

Dated: 28 September, 2010

cc: All counsel of record by Notice of Electronic Filing

---

[3] In so finding, the Court necessarily has rejected RRI's argument that plaintiffs are presenting a new argument that they should have presented to the Court before. While plaintiffs did not previously argue that any uncontroverted facts in the amended complaint are to be accepted as true, neither did RRI argue that, having filed a 12(b)(1) motion, all jurisdictional facts are deemed disputed. Indeed, as pointed out by plaintiffs, the cases cited by RRI setting forth the standard of review cite to Gould Electronics, 220 F.3d at 177, which requires a plaintiff to provide evidence supporting a jurisdictional fact only where the defendant has challenged that fact by presenting contrary evidence. Moreover, it would not appear that the standard for reviewing a 12(b)(1) motion is negotiable. If the standard requires proof of a jurisdictional fact only when that fact is disputed, plaintiffs should not be required to provide such proof in the absence of contrary evidence regardless of whether they have expressly articulated the standard's nuances.