IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

PENNENVIRONMENT and )
SIERRA CLUB, )
                Plaintiffs, )
)
    vs. )  Civil Action No. 07-475
)  Magistrate Judge Robert C. Mitchell
GENON NORTHEAST MANAGEMENT )
COMPANY, )
                Defendant. )

## **MEMORANDUM AND ORDER**

MITCHELL, Magistrate Judge

      Plaintiffs commenced this citizen suit against GenOn Northeast Management Company ("GenOn"),[1] in an effort to secure GenOn's compliance with the Clean Water Act ("CWA"), 33 U.S.C. §§ 1251, *et seq*, and the Pennsylvania Clean Streams Law ("PCSL"), 35 Pa. C.S. §§ 691.1, *et seq.*, on April 10, 2007. Plaintiffs allege that GenOn has been discharging illegal levels of at least five different metals into the Conemaugh River from Outfalls 003 and 007 at its Conemaugh Generating Station ("CGS") in West Wheatfield Township, Pennsylvania, in violation of its wastewater discharge limits.

      Although a stay was imposed on July 31, 2007, pending the outcome of settlement negotiations, it was lifted on November 25, 2008. [ECF Nos. 15, 27]. Discovery was granted until February 23, 2009, in anticipation of GenOn filing a motion to dismiss challenging the

---

[1] Although Reliant Energy Northeast Management Company was originally named as the defendant in this action, it subsequently changed its name to RRI Energy Northeast Management Company and, in December of 2010, changed it again to GenOn Northeast Management Company. The caption of the case has been amended accordingly and, as such, defendant will be referred to hereon as "GenOn." See [ECF No. 93; 12/09/2010 Text Order].

1

Court's jurisdiction and Plaintiffs' standing. GenOn's motion was filed on March 13, 2009, and in a Memorandum Opinion issued on December 22, 2009, the Court granted the motion finding that Plaintiffs are without standing to pursue this action because they failed to produce any evidence that Plaintiffs' injuries were "fairly traceable" to GenOn's violations. [ECF Nos. 34, 51]. Plaintiffs subsequently filed a motion for reconsideration arguing that the Court misapplied the standard applicable to 12(b)(1) motions and that the allegations in the Amended Complaint that linked the metals being discharged into the River by GenOn to Plaintiff's injuries should have been considered since they had not been challenged by GenOn. [ECF No. 53]. The Court was persuaded by Plaintiffs' argument and, accordingly, vacated its December 22, 2009 Memorandum Opinion and issued an amended Memorandum Opinion on October 8, 2010, in which, taking the uncontroverted assertions in the Amended Complaint into consideration, found that the traceability requirement had been met so as to confer standing on Plaintiffs. [ECF No. 81].

On November 22, 2010, an order was issued setting dates for discovery as well as that for filing motions for summary judgment and responses thereto. In addition, a trial date of June 1, 2011 was set. [ECF No. 89].

Plaintiffs filed a timely motion for partial summary judgment on the issue of liability on December 15, 2010. Following an extension of time, GenOn filed a response to the motion on January 21, 2011, to which Plaintiffs replied on February 8, 2011. [ECF Nos. 94, 106, 109]. The Court granted Plaintiffs' motion in a Memorandum Opinion filed on March 21, 2011. [ECF No. 117].

In the interim, on February 9, 2011, the day after Plaintiffs filed their reply brief in support of their motion for partial summary judgment, Plaintiffs filed a Motion for Leave to File a Second Amended Complaint in which they seek to add a new claim that, in addition to the illegal levels of aluminum, manganese and iron it is discharging from Outfall 003, and selenium, boron and manganese from Outfall 007, GenOn is also discharging iron from Outfall 007 in violation of its NPDES Permit. [ECF Nos. 111, 112-1]. Plaintiffs also seek to "update certain factual allegations from their First Amended Complaint where relevant circumstances have changed or additional facts have come to light . . . ." [ECF No. 111, p. 2 n.1].

Federal Rule of Civil Procedure 15(a)(2) provides that "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Where, however, the plaintiff has delayed seeking leave to amend, the district court may exercise its discretion to deny leave "if the delay 'is undue, motivated by bad faith, or prejudicial to the opposing party.'" Estate of Oliva ex rel. McHugh v. New Jersey, 604 F.3d 788, 803 (3d Cir. 2010), quoting Bjorgung v. Whitetail Resort, LP, 550 F.3d 263, 266 (3d Cir. 2008). "Delay is 'undue' when it places an unwarranted burden on the court or when the plaintiff has had previous opportunities to amend." Id.

Here, it appears clear that Plaintiffs' delay in seeking leave to amend is undue. Not only is this case already over four years old but, by Plaintiffs' own admission, they were aware of the fact that GenOn was discharging illegal levels of iron from Outfall 007 as early as January of 2009 - over two years before they sought leave to add the claim to the complaint. Thus, despite Plaintiffs' protestations to the contrary, they have had ample opportunity to seek leave to amend the complaint before now.

In addition, the motion for leave to amend was filed almost two months after Plaintiffs filed their motion for partial summary judgment on the issue of liability which the Court has already granted. Moreover, discovery on the issue of damages is due to close in less than a month. While permitting Plaintiffs to amend their complaint would not significantly broaden the scope of the case, it would require the Court to reopen the liability stage of the proceedings and allow GenOn time to assess the new claim. Given that the trial on damages in this four year old case is scheduled for June 1, 2011, a little over two months away, the Court finds that any amendment at this juncture would be unduly burdensome to the Court and to GenOn.

Accordingly, this 30th day of March, 2011, Plaintiffs' Motion for Leave to File Second Amendment Complaint [ECF No. 110] is DENIED.

/s/ Robert C. Mitchell
United States Magistrate Judge

cc: All counsel of record by Notice of Electronic Filing