**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| PENNENVIRONMENT and SIERRA CLUB, )<br>)<br>Plaintiffs, )<br>)<br>vs. )<br>)<br>GENON NORTHEAST MANAGEMENT COMPANY, )<br>)<br>Defendant. )<br>) | Civil Action No. 07-00475<br><br>Magistrate Judge Mitchell |

**MOTION TO COMPEL EXPERT DEPOSITIONS**

Pursuant to Rule 37(a)(1) of the Federal Rules of Civil Procedure, Defendant GenOn Northeast Management Company ("GenOn") moves the Court for an order compelling plaintiffs to make their expert witnesses available for depositions before trial. In support of this motion, GenOn states the following (in lieu of a separate memorandum of law, in the interests of disposing of this dispute promptly and efficiently):

1. This dispute is straightforward: GenOn has asked plaintiffs to provide dates on which their experts will be made available for deposition. Plaintiffs have refused, asserting that there will be no expert depositions because the discovery deadline of April 22, 2011 has passed. Contrary to plaintiffs' assertion, GenOn is entitled to take the deposition of all experts whose opinions plaintiffs intend to present at trial pursuant to Civil Rule 26(b)(4)(A). *First*, because plaintiffs' expert reports were not submitted until April 29, 2011, after the close of discovery, GenOn could not have taken these depositions prior to April 22, 2011. *Second*, pre-trial expert depositions are necessary to enable a streamlined and efficient trial, to enable GenOn to assess the need for motions *in limine* addressing the admissibility of plaintiffs' expert evidence under FED. R. EVID. 702, and to enable the Court to efficiently determine these motions and administer its gate-keeping functions under *Daubert* and its progeny. GenOn therefore

respectfully requests that the Court order plaintiffs to make their experts available for deposition by no later than May 27, 2011.

2. On November 22, 2010, the Court issued its initial case management order (doc. no. 89), setting a discovery deadline of March 31, 2011, and a trial date of June 1, 2011.

3. On March 23, 2011, in response to plaintiffs' Motion to Modify Discovery Schedule (doc. no. 113), the Court amended its scheduling order and extended the time for discovery until April 22, 2011, set a deadline of April 29, 2011 for plaintiffs' expert reports, and a deadline of May 6, 2011 for GenOn's expert reports.

4. On April 29, 2011, plaintiffs served the expert disclosures and reports of Jonathan S. Shefftz, R. Wane Schneiter, and G. Allen Burton, Jr.. GenOn will serve its expert disclosures and reports today.

5. Although GenOn became aware that Messrs. Shefftz and Schneiter were likely to be offered by plaintiffs as experts, by virtue of their participation in settlement discussions, GenOn first became aware of Mr. Burton's participation only when plaintiffs served their reports on April 29, 2011, a week after the discovery deadline. In no case could GenOn anticipate the substance of plaintiffs' experts' opinions until April 29, 2011.

6. Further, GenOn has identified apparent deficiencies in the reports of plaintiffs' experts. Depending upon whether certain questions can be satisfactorily addressed in deposition, GenOn may file a motion *in limine* seeking exclusion of certain of these experts' opinions.

7. In an e-mail dated May 3, 2011 addressing various discovery matters (attached as Exhibit A), Paul K. Stockman, counsel for GenOn, requested dates on which plaintiffs' experts could be offered for depositions before trial.

8. The following day, Tom Farrell, counsel for plaintiffs, responded via e-mail that there would be no expert depositions because discovery had closed on April 22, 2011. (See e-mail chain between Attorneys Farrell and Stockman, attached as Exhibit B).

9.	Plaintiffs are incorrect.  GenOn has an unqualified right under the Federal Rules of Civil Procedure to depose plaintiffs' experts, but is permitted by rule to do so only *after* submission of expert reports.  In particular, Rule 26(b)(4)(A) provides that "[a] party may depose any person who has been identified as an expert whose opinions may be presented at trial.  If a report from the expert is required under subdivision (a)(2)(B) [relating to testifying and retained expert witnesses], the deposition shall not be conducted until after the report is provided."

10.	The fact that discovery has closed does not counsel a different outcome, given that expert depositions cannot take place until reports are served, and plaintiffs' reports were not served until after the discovery deadline.  *See Doe v. Luzerne County*, No. 3:08-cv-1155, 2010 WL 2245578, at *5 (M.D. Pa. June 1, 2010) ("Even though discovery ended on February 3, 2010, Defendants' expert reports were not due until March 29, 2010, making it impossible, by rule, for Plaintiff to conduct a deposition of Mr. Jones until after March 29, 2010.  Thus, Plaintiff will be given leave to depose Mr. Jones.").  Indeed, here, plaintiffs did not confirm (or, in one case even disclose) the identities of their experts until service of their expert reports *one week after* the discovery deadline.

11.	Moreover, if GenOn is denied the opportunity to depose plaintiffs' experts before trial, this will cause undue prejudice to GenOn and to the Court.  First, because GenOn will have no meaningful opportunity to depose any of plaintiffs' experts and explore the basis of their opinions, GenOn and the Court will be forced to conduct an examination of plaintiffs' experts during, rather than before, trial.  The inefficiency of such an outcome is obvious.  Second, denying GenOn the opportunity to depose plaintiffs' experts will undermine the Court's ability to rule on the admissibility of plaintiffs' expert testimony at trial.  The Court should compel the depositions of plaintiffs' experts before trial to avoid these problems.  *See Compagnie des Bauxites de Guinee v. Three Rivers Ins. Co.*, No. 2:04-cv-393, 2007 WL 403915, at *3, *5 (W.D. Pa. Feb. 1, 2007) ("Plaintiff has been denied the benefit of a meaningful opportunity to depose [defendants' experts], which in itself creates a substantial disadvantage.  It

also jeopardizes this court's ability to conduct its proper gate-keeping functions under *Daubert* and its progeny." (internal citations and quotations omitted)).

12. The fact that the Court's March 23, 2011 scheduling order did not set a specific time for expert discovery does not mean (as plaintiffs appear to believe) that no such discovery can take place. Rather, GenOn reasonably understands the Court's order merely to provide that there would be no dedicated period of time for expert discovery, and that expert depositions would have to proceed concomitant with other trial preparation tasks, ***not*** that such discovery was forbidden.

WHEREFORE, GenOn asks the Court to compel the depositions of plaintiffs' experts, and to require plaintiffs to make these experts available for deposition by no later than May 27, 2011. A form of proposed order is attached.

                Respectfully submitted,

                */s/ Paul K. Stockman*
                Paul K. Stockman
                Richard W. Hosking (Pa. ID No. 32982)
                Paul K. Stockman (Pa. ID No. 66951)
                James C. Swetz (Pa. ID No. 208717)
                K&L GATES LLP
                210 Sixth Avenue
                Pittsburgh, PA 15222
                Telephone:  (412) 355-6500
                Telecopier:  (412) 355-6501

                *Counsel for Defendant GenOn Northeast*
                *Management Company*

May 6, 2011

## CERTIFICATE OF NON-CONCURRENCE

Pursuant to Rule 37(a)(1) of the Federal Rules of Civil Procedure, I hereby certify that I have in, good faith, conferred with plaintiffs to obtain concurrence in this motion (as set forth in the e-mail messages attached hereto), and that concurrence has been denied.

May 6, 2011					*/s/ Paul K. Stockman*_____
						Paul K. Stockman

7

## CERTIFICATE OF SERVICE:

I hereby certify that today I served a true and correct copy of the foregoing Motion to Compel Expert Depositions by making it available on the Court's electronic case filing system.

May 6, 2011					*/s/ Paul K. Stockman*_____
						Paul K. Stockman