UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF PENNSYLVANIA

|  |  |
|---|---|
| PENNENVIRONMENT and<br>SIERRA CLUB,<br><br>        Plaintiffs,<br><br>v.<br><br>GENON NORTHEAST<br>MANAGEMENT COMPANY,<br><br>        Defendant. | Civil Action No.:  07-00475<br><br>Magistrate Judge Mitchell |

**PLAINTIFFS' OPPOSITION TO MOTION TO COMPEL
EXPERT DEPOSITIONS**

Plaintiffs PennEnvironment and Sierra Club oppose Defendant GenOn Northeast

Management Company's ("GenOn") motion to compel expert depositions, for the following

reasons:

1.     This Court has already ordered otherwise.  The Court's discovery scheduling

order of November 22, 2010, set a deadline of March 31, 2011, for "all discovery including

expert." Hearing on Status Conference (Docket No. 90).  When Plaintiffs felt they were being

prejudiced by GenOn's delay in producing documents, they sought additional time for discovery

from the Court and expressly factored in time for expert depositions in their proposed discovery

schedule by requesting a March 25 date for expert reports and an April 30 date for "[a]ll

discovery in this action, including that relating to experts . . . [to] be completed." Motion to

Modify Discovery Schedule (Docket No. 113), at 2-4, ¶¶ 1-2, 5-6.  In affirming in part and

denying in part Plaintiffs' motion, the Court allowed only a three-week extension of the previous

discovery cut-off deadline and, in explicit contrast to its earlier scheduling order and Plaintiffs' request, ordered that disclosure of expert reports would occur *after* the close of discovery (and just weeks before trial) "[i]n light of the fact that the issue of liability has been resolved and that the only issue remaining for trial is that of damages."  Docket No. 119.

2.       Contrary to Defendant's gloss on Rule 26, it does ***not*** create "an unqualified right" to depose experts, *see* Motion to Compel at ¶ 9.  The Court retains the power under the Rule to issue orders limiting the scope or timing of discovery, including depositions of experts, pursuant to Fed. R. Civ. P. 26(b)(1), (b)(2)(A), and (b)(2)(C)(iii).[1]

3.       Expert depositions are unnecessary.  GenOn has known since 2007 the identity of two of Plaintiffs' experts – a wastewater engineer with nearly 30 years experience in industry and academia who has testified as an expert in six cases, and the economist who helped write U.S. EPA's civil penalty models relating to economic benefit and ability-to-pay issues and who has testified as an expert on these issues more than 30 times – and received preliminary reports of their opinions in 2007.  Plaintiffs' third expert has a Ph.D. in aquatic toxicology, directs a center for ecosystem research at the University of Michigan, is co-editor-in-chief of an environmental toxicology journal, and has over 150 peer-reviewed publications dealing with ecotoxicology and the assessment of aquatic ecosystems.  Each of these experts has provided an approximately 20-page detailed report and based his opinion primarily on documents and data produced by GenOn in discovery, and on secondary sources that have already been disclosed to GenOn.  See Committee Notes on 1993 Amendments to Fed. R. Civ. P. 26(b)(4)(A) ("The requirement … of a complete and detailed report of the expected testimony of certain forensic experts may, moreover, eliminate the need for some [expert] depositions …"); Committee Notes

---

[1] Neither of the cases cited in GenOn's motion involved a court's discretionary authority to limit discovery based on the specific circumstances of the case at hand.

on 1993 Amendments to Fed. R. Civ. P. 26(a)(2) ("[I]n many cases the report may eliminate the

need for a[n expert] deposition."). Each of Plaintiffs' experts has focused on issues that have

been the subject of discovery and settlement negotiations from the inception of the case. If there

are any *Daubert*-related issues, they should be apparent from Plaintiffs' extensive expert

disclosures or can be inquired into at trial.[2]

4.       Expert depositions, at this late date, will not "streamline" the trial. Each week

between now and the week of trial, the parties must prepare and respond to extensive pre-trial

filings (pre-trial briefs and narratives, stipulations of fact, exhibit and witness lists, motions in

limine). The parties must also prepare their questioning of trial witnesses. Spending precious

days on travel (Plaintiffs' witnesses are located in Massachusetts, Virginia, and Michigan,

Defendant's witnesses are located in Washington, D.C., Ohio, and Pennsylvania, and Plaintiffs'

lead counsel is in Boston) and on taking testimony from six experts that is likely to be repeated at

trial anyway will only detract from the parties' ability to prepare an organized and efficient trial.

---

[2] In Compagnie des Bauxites de Guinee v. Three Rivers Ins. Co., 2007 WL 403915 (W.D. Pa. Feb. 1, 2007), cited by GenOn, the court found that forgoing expert depositions might "jeopardize[] … its proper gate-keeping functions under *Daubert*" only because the persons sought to be introduced as experts at trial had not provided detailed written reports in compliance with Rule 26(a)(2). Id. at *1, *3. Moreover, the additional depositions in that case necessitated a postponement of the trial date, an option with which this Court has already expressed disfavor.

For the reasons set forth above, GenOn's motion should be denied.

Respectfully submitted,

Dated:  May 9, 2011                             _____/s/ Thomas J. Farrell_____
                                                Thomas J. Farrell (PA ID No. 48976)
                                                Tina O. Miller (PA ID No. 71101)
                                                FARRELL & REISINGER L.L.C.
                                                200 Koppers Building
                                                436 Seventh Avenue
                                                Pittsburgh, PA 15219-1827
                                                (412) 894-1380 (phone)
                                                (412) 894-1381 (fax)

                                                Joshua R. Kratka (MA ID No. 544792)
                                                admitted *pro hac vice*
                                                Joseph J. Mann (CA ID No. 207968)
                                                admitted *pro hac vice*
                                                NATIONAL ENVIRONMENTAL LAW CENTER
                                                44 Winter Street, 4th Floor
                                                Boston, MA 02108
                                                (617) 747-4333 (phone)
                                                (617) 292-8057 (fax)

                                                *Counsel for Plaintiffs PennEnvironment and
                                                Sierra Club*